(No. 75-CV-49—)

DEREK SEAN O'NEILL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1975.*

DEREK SEAN O'NEILL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on May 10, 1974, at 3954 North Keeler Street, Chicago, Illinois. Derek Sean O'Neill, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill.Rev.Stat., 1973, Ch. 70, §71, et. seq.* (hereafter referred to as the "Act").

This court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the court, the court finds:

1. That the claimant, Derek Sean O'Neill, age 31, was a victim of a violent crime, as defined in §2 (c) of the Act, to wit:

"Aggravated Battery", (*Ill.Rev.Stat., 1973, Ch. 38, §12-4).*

2. That on May 10, 1974, claimant was severely beaten about the head and face by about ten unidentified assailants after leaving the Red Star Inn at 3954 North Keeler Street, in Chicago.

3. That statements taken by police investigators shortly after the crime was committed present no evidence of provocation by the victim for the attack upon him.

4. That the victim was hospitalized from May 10, 1974 to May 24, 1974, as a result of the beating of May 10, 1974. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. The police investigation is presently continuing.

7. That the claimant seeks compensation under the Act for loss of earnings as a result of his injuries.

8. That the victim was unable to work during the period of May 10, 1974, to June 18, 1974, as a result of his injuries; that the sustained loss of earnings during this period is in the amount of $1,967.66, based on his average monthly earnings for the 6 months immediately preceding his injury. This amount is compensable pursuant to the following provision in §4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6

months immediately preceding the date of the injury or on $500 per month, whichever is less."

The amount of actual loss of earnings sustained by the claimant is greater than $500 per month. In accordance with §4 of the Act, the $500 per month limit is controlling, and, using this rate for 1 month and 8 days, the total compensable loss of earnings sustained by the claimant is $631.44.

9. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were covered by insurance benefits, and the gross amount of all pecuniary losses as computed before deductions and set-offs is as follows:

| | | |
|---|---|---|
| 1) | Loss of earnings | $ 631.44 |
| 2) | Hospital | 1,915.49 |
| 3) | Medical | 1,064.00 |

$3,611.93

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local government, State or Federal funds, or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefits of the applicant. . .)".

11. That in the claim before us, the benefits received by the claimant, as contemplated by §7(d) of the Act, were shown to be in the total sum of $2,891.42. Also deducted from the gross figure is the statutory deduction of $200.00. This leaves a total of $520.51 as the actual amount of loss sustained by the claimant. Hence, the claimant is entitled to an award in the amount of $520.51.

IT IS HEREBY ORDERED that the total sum of $520.51

(FIVE HUNDRED TWENTY DOLLARS AND FIFTY ONE CENTS) be hereby awarded to the claimant, an innocent victim of a violent crime.